[Crim. No. 962.   Third Appellate District.—April 5, 1927.]

THE PEOPLE, Respondent, v. G. D. JOHNSON, Appellant.

[1] CRIMINAL LAW—APPEAL—FAILURE TO APPLY FOR TRANSCRIPT—DIS-
MISSAL.—Under section 1247 of the Penal Code, where a defend-
ant duly gives notice of appeal from the judgment of conviction,
but he fails, within five days or at all, to file with the clerk or
present to the trial court an application for a transcript of any
part of the phonographic reporter's notes or to state the grounds
of the appeal or the points upon which he relies, the appeal is
wholly ineffectual and shall be deemed dismissed.

(1) 17 **C. J.,** p. 193, n. 69.

APPEAL from a judgment of the Superior Court of
San Joaquin County. C. W. Miller, Judge. Appeal dis-
missed.

The facts ars stated in the opinion of the court.

Eicke & Warren for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

THE COURT.—[1]  The defendant was convicted of the
offense of practicing medicine without a license.  He duly
gave notice of appeal from the judgment of conviction and
the order denying a new trial.  He failed, however, within
five days, or at all, to file with the clerk or present to the
trial court an application for a transcript of any part of
the phonographic reporter's notes or to state the grounds
of the appeal or the points upon which he relies.  By reason
of such failure, under the express provisions of section 1247
of the Penal Code, "the appeal is wholly ineffectual and
shall be deemed dismissed."

The appeal is dismissed.

1. See 8 **Cal. Jur. 523.**